IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY | § § § § § | |
| **Plaintiff,** | § | |
| v. | § § | CA No. 1:23-cv-00031 |
| JOHNNY TRUONG and MY-NGOC TRUONG, | § § § | |
| **Defendants.** | § | |

**<u>DEFENDANTS JOHNNY TRUONG and MY-NGOC TRUONG's COUNTERCLAIM AGAINST ATLANTIC CASUALTY INSURANCE COMPANY</u>**

TO THE HONORABLE U. S. DISTRICT JUDGE:

COME NOW, Defendants, JOHNNY TRUONG and MY-NGOC TRUONG (hereinafter collectively referred to as "Counter-Plaintiff" and/or "TRUONG"), in the above-styled and numbered cause, and file this their Counterclaim against ATLANTIC CASUALTY INSURANCE COMPANY (hereinafter "Counter-Defendant" and/or "ATLANTIC") and would respectfully show unto the Court as follows:

**FACTS**

1. Truong is the owner of a Texas Commercial Insurance Policy (hereinafter referred to as "**the Policy**"), which was issued by Atlantic (referred to herein as "**Insurance Company**").

2. Truong owns the insured property, which is specifically located at 648 9th Avenue, Port Arthur, TX 77642 (hereinafter referred to as "**the Property**").

3. Insurance Company sold the Policy insuring the Property to Truong.

4. On or about July 15, 2022, Truong's commercial property sustained fire

damage.  The fire damaged all areas of the property, including business personal property.

5. Truong timely filed a claim with Atlantic and has cooperated throughout the investigation process.  Despite the cooperation by the Defendants, Atlantic has failed to properly adjust the fire loss claim.

6. Pursuant to the Policy, Truong asked that the Insurance Company pay for the damage to the Property.  The damage caused at Peck's property as a result of fire damage, a covered cause of loss under the policy, is extensive.  Despite Truong timely filing the claim, providing all requested documents, this claim was improperly delayed, denied and/or underpaid.

7. Adjusters retained by Insurance Company, because of inadequate and improper instruction and training, failed to perform an investigation of Truong's claim that met the minimum standards of performance pursuant to industry standards, §§21.203 and 21.205 of the Texas Administrative Code, applicable law, or otherwise.

8. The entire investigation into Truong's claim has been one of delay after delay.  Insurance Company has based its denial on sections of Truong's policy alleging that the fire was intentional, although there are no facts supporting same.

9. The Insurance Company's personnel failed to thoroughly review and properly oversee the work of its assigned Adjusters, ultimately approving and adopting an improper adjustment and inadequate, unfair settlement of Truong's claim.

10. This unreasonable investigation resulted in the improper denial of Truong's claim.

11. Insurance Company set out to deny and underpay on properly covered damages. The Insurance Company failed to provide full coverage for the damages

sustained by Truong, and failed to fully scope the damages, and undervalued the damages it did account for, thus denying adequate and sufficient payment to Truong.

12. The mishandling of the claim also caused a delay in Truongs' ability to fully repair the commercial property, which has resulted in additional damages. To this date, Truong has yet to receive full payment under the Insurance Policy for the damages.

13. The Insurance Company ratified the Adjusters' inadequate methods and investigation, resulting in Truong's claim being improperly denied. The unreasonable investigation of Truong's claim resulted in the denial of the claim. Truong has suffered actual damages resulting from Insurance Company's wrongful acts and omissions as set forth above and further described herein.

14. As detailed in the paragraphs below, Insurance Company wrongfully denied Truong's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Truong. Furthermore, Insurance Company denied Truong's claim by not providing full coverage for the damages sustained by Truong.

15. Insurance Company continues to delay paying Truong for the damages to the Property. As such, Truong has not been paid in full for the damages to the commercial property.

16. Insurance Company voluntarily assumed a non-contractual obligation to inspect and value Truong's damages, thereby causing its conduct to be governed by the applicable provisions of the Texas Insurance Code. However, it then failed to comply with its duties and obligations under the law for inspecting and valuing covered losses, and likewise failed to perform its contractual duty to adequately compensate Truong for monies owed to them under the Policy. More specifically, but without limitation, Insurance

Company failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Truong. As such, and as further described herein, Insurance Company's conduct in this regard constitutes both a violation of the applicable provisions of the Texas Insurance Code, as well as a breach of the insurance contract between Insurance Company and Truong.

17. Insurance Company misrepresented to Truong that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18. Insurance Company failed to make an attempt to settle Truong's claim in a fair manner, although they were aware of their liability to Truong under the Policy. As such, conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19. Insurance Company failed to offer Truong adequate compensation, without any explanation why full payment was not being made. Furthermore, Insurance Company did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Truong's claim. As such, Insurance Company's conduct in this regard is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20. Insurance Company failed to affirm or deny coverage of Truong's claim within a reasonable time. Specifically, Truong did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Insurance Company. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

21. Insurance Company refused to fully compensate Truong under the terms of the Policy, even though Insurance Company failed to conduct a reasonable investigation. Specifically, Insurance Company performed an outcome-oriented investigation of Truong's claim, which resulted in a biased, unfair and inequitable evaluation of Truong's losses on the property. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

22. After receiving notice of Truong's claim, Insurance Company failed to meet its obligations under the Texas Insurance Code to timely and within the statutorily mandated time acknowledge Truong's claim, begin an investigation of Truong's claim and request all information reasonably necessary to investigate Truong's claim. As such, Insurance Company's conduct in this regard constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.055.

23. Insurance Company failed to accept or deny Truong's full and entire claim within the statutorily mandated time of receiving all necessary information. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.056.

24. Insurance Company failed to meet its obligations under the Texas Insurance

Code regarding payment of claim without delay. Specifically, Insurance Company has delayed full payment of Truong's claim longer than allowed and, to date, Truong has not yet received full payment for his claim. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS.CODE §542.058.

25. From and after the time Truong's claim was presented to Insurance Company, the liability of Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Insurance Company has refused to pay Truong in full, despite there being no basis on which a reasonable insurance company would have relied on to deny the full payment. As such, Insurance Company's conduct in this regard constitutes a breach of the common law duty of good faith and fair dealing.

26. Additionally, Insurance Company knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Truong.

27. Insurance Company's wrongful acts and omissions, as further detailed herein, Truong was forced to retain the professional services of the attorneys and law firm who are representing him with respect to these causes of action.

## CAUSES OF ACTION

28. In support of the causes of action set forth herein, Truong incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 27 as if fully set forth *verbatim*.

29.     Insurance Company is liable to Truong for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

## BREACH OF CONTRACT

30.     Insurance Company's conduct constitutes a breach of the insurance contract made between Insurance Company and Truong.

31.     Insurance Company's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Insurance Company's insurance contract with Truong.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32.     Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

33.     Insurance Company's unfair settlement practice, as described above, of misrepresenting to Truong material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

34.     Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2(A).

35.     Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Truong with a reasonable explanation of the basis in the Policy,

in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

36. Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Truong, or to submit a reservation of rights to Truong, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

37. Insurance Company's unfair settlement practice, as described above, of refusing to pay Truong's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

38. Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

39. Insurance Company's failure to acknowledge receipt of Truong's claim, commence investigation of the claim, and request from Truong all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

40. Insurance Company's failure to notify Truong in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

41. Insurance Company's delay of the payment of Truong's claim following its receipt of all items, statements and forms reasonably requested and required, as described

above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

42. In support of the causes of action set forth herein, Truong incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 41 as if fully set forth *verbatim*.

43. Adjusters are agents of Insurance Company based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the Insurance Company. TEX. INS. CODE §4001.051.

44. Separately, and/or in the alternative, as referenced and described above, Insurance Company ratified the actions and conduct of Adjusters, including the completion of their duties under the common and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45. In support of the causes of action set forth herein, Truong incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 44 as if fully set forth *verbatim*.

46. Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Truong in his Policy.

47. Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Truong's claim, although at that time, Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

48. In support of the causes of action set forth herein, Truong incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 47 as if fully set forth *verbatim*.

49. All of the acts described above, together and singularly, were done

"knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Truong's damages described herein.

## DAMAGES

50.     In support of the causes of action set forth herein, Truong incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 49 as if fully set forth *verbatim*.

51.     Truong would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Truong.

52.     As previously mentioned, the damages have not been properly addressed or repaired, causing further damages to the Property while also causing undue hardship and burden to Truong. These damages are a direct result of Insurance Company's mishandling of Truong's claim in violation of the laws set forth above.

53.     For breach of contract, Truong is entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorneys' fees.

54.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Truong is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Truong is entitled to three times his actual damages. TEX. INS. CODE §541.152.

55.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Truong is entitled to the amount of his claim, as well as the prejudgment interest, penalty interest pursuant to Chapter 542.060(c), cost, together with attorneys' fees. TEX. INS. CODE §542.060.

56.     For breach of common law duty of good faith and fair dealing, Truong is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the Insurance Company owed, exemplary damages and damages for emotional

distress.

57. For the prosecution and collection of this claim, Truong has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Truong is entitled to recover a sum for the reasonable and necessary services of Truong's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

58. Truong hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Jefferson County, Texas. Truong is tendering the appropriate jury fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Counter-Plaintiffs, JOHNNY TRUONG and MY-NGOC TRUONG prays that Counter-Defendant, ATLANTIC CASUALTY INSURANCE COMPANY be cited to appear and answer herein, and that upon trial hereof, said Counter-Plaintiffs have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, both as to actual damages, treble damage under the Texas Insurance Code, all punitive and exemplary damages as may be found and reasonable and necessary attorneys' fees.

In addition, Counter-Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves to be justly entitled.

[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted,

**THE BYRD LAW FIRM**

*[signature]*

---

Jason M. Byrd
State Bar No. 24036303
448 Orleans
Beaumont, Texas 77701
T: 409.924.0660
F: 409.924.0035
Jason@txbyrd.com

-AND-

**RAMSEY LAW FIRM**
Michael R. Ramsey
State Bar No.16520200
Katherine D. Ramsey
State Bar No. 24070469
6280 Delaware Street, Suite C
Beaumont, Texas 77706
T: 409.202.2020
F: 409.444.2021
docket@byrdramsey.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23th day of March, 2023, a true and correct copy of the foregoing document was forwarded to all known counsel of record pursuant to the Federal Rules of Civil Procedure.

*[signature]*

---

JASON M. BYRD

12